UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WRIGHT, | 1: 06 CV 01172 OWW WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND PETITIONER'S MOTION TO COMPEL |
| v. | |
| J. L. SCOTT, et al., | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| Respondent. | [Docs. 10, 17] |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. This petition challenges the result of an institutional disciplinary hearing finding Petitioner guilty of attempted escape and resulting in the permanent credit loss of 120 days. Pending before the court are Respondent's motion to dismiss and Petitioner's motion to compel.

**PROCEDURAL HISTORY**

On March 25, 2005, an institutional disciplinary hearing was held at which Petitioner was found guilty of attempted escape. Petitioner was assessed with a permanent credit loss of 120 days. On April 18, 2005, Petitioner was provided with a copy of the hearing officer's written findings.

1  Petitioner made some attempt to utilize the administrative appeals process, but his appeals were
2  screened out as procedurally insufficient.
3      On March 29, 2006, Petitioner filed a petition for writ of habeas corpus in the Fresno County
4  Superior Court.  The court denied the petition on April 7, 2006.  On May 10, 2006, Petitioner filed
5  an appeal with the California Court of Appeal, Fifth Appellate District.  The Court of Appeal
6  dismissed the appeal on May 26, 2006.  On July 3, 2006, Petitioner filed a petition for writ of habeas
7  corpus in the California Supreme Court.  The court denied the petition on August 2, 2006, with a
8  citation to In re Dexter, 25 Cal.3d 921 (Cal. 1979).  Petitioner filed the present petition on September
9  15, 2006.

10                                                **LEGAL STANDARD**

11  JURISDICTION

12      Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant
13  to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of
14  the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct.
15  1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by
16  the United States Constitution.  In addition, the conviction challenged arises out of Corcoran State
17  Prison,  which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).
18  Accordingly, the court has jurisdiction over the action.
19      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
20  1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.
21  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.
22  586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97
23  F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*
24  *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable
25  to cases filed after statute's enactment).  The instant petition was filed after the enactment of the
26  AEDPA, thus it is governed by its provisions.
27  STANDARD OF REVIEW
28      This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on three grounds. First, Respondent contends that this petition is barred by the one-year statute of limitations provided in the AEDPA.  Second,

Respondent contends that Petitioner failed to exhaust state judicial remedies. Third, Respondent contends that the claims are procedurally defaulted. Petitioner opposes the motion. Because the court finds that Respondent's first contention has merit, it finds it unnecessary to address the second and third contention.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a Respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or

> other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent argues that in this case, Petitioner became aware of the factual predicate of his claim on April 18, 2005, the day Petitioner received notice of the hearing officer's decision finding him guilty of attempted escape. Respondent claims that Petitioner did not properly utilize the administrative appeal process, failing to file his appeal in the proper form. Thus, explains Respondent, his appeal was not addressed on the merits. See Motion to Dismiss, Exhibit H. The court finds Respondent's claim to be supported by the copies of the documents he provides. In response, Petitioner argues in his motion to compel that Respondent's Exhibit H contains the wrong forms, referring to a proceeding in 2007, not the 2005 proceedings in question here. The court notes that the copies of the documents provided by Respondent have a type-written date of April 6, 2007, which has been lined-out and replaced by a hand-written date of May 17, 2005.

In his reply, Respondent explains that CDC Form 695 is commonly used to screen inmate administrative appeals and modification/accommodation requests. However, a copy of CDC forms is not maintained in the prisoner's file. Rather, the content of the form is maintained in the institution's computer database. The discrepancy in the date on the form referring to Petitioner's appeal is explained by the fact that when the records are viewed on the computer, the software utilized by the institution converts the document's date to the date of viewing. Thus, the actual dates of the proceeding must be verified from institutional records and handwritten on the form. Respondent asserts that the forms attached to the motion to dismiss were verified for accuracy and relate to the only administrative appeals filed regarding the disciplinary hearing now at issue. Based on this unrefuted information provided by Respondent, the court finds no basis for granting Petitioner's motion to compel to obtain further documentation of the institutional appeals process.

In opposing Respondent's motion, Petitioner apparently also argues that the statute of limitations was tolled when he sought relief in federal court on November 21, 2005. Disregarding the fact that such a petition was clearly premature because Petitioner had not yet exhausted his state judicial remedies, such a federal petition does not toll the statute. See Duncan v. Walker, 121 S.Ct. 2120, 533 U.S. 167 (2001) (Although the limitations period tolls while a properly filed request for

collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), is does not toll for the time an application is pending in federal court).

Petitioner further apparently argues that a state habeas petition filed January 14, 2006, served to toll the statute of limitations. However, that petition was denied because Petitioner did not properly complete the Judicial Counsel Form MC-275, a violation of California Rules of Court, rule 4.551(a). Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period   The United States Supreme Court, in Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361 (2000), held that a habeas application is "filed" "when it is delivered to, and accepted by, the appropriate court officer for placement in the official record." Id. at 363. A habeas application is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." 121 S.Ct. at 364. Examples of the ""laws and rules governing filings" include "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fees." Id.   The court finds that under Artuz, Petitioner's January 14, 2006 petition was not "properly filed" so as to toll the statute of limitations under Section 2244(d)(2).

In light of the above, this court must conclude that this petition for writ of habeas corpus is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

Petitioner may seek to appeal the court's judgment in this case. Petitioner may not proceed on such an appeal without obtaining a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made

a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right. Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Respondent's motion to dismiss is GRANTED;

2) Petitioner's motion to compel is DENIED;

3) This petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;

4) A certificate of appealability is DENIED;

5) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:   February 8, 2008              /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE